

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-3-2006

# USA v. Harris

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1714

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Harris" (2006). *2006 Decisions.* Paper 616.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/616

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**HPS-84**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-1714
_____

UNITED STATES OF AMERICA

vs.

VERNON HARRIS
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Crim. No. 95-cr-00393)
District Judge: Honorable Marvin Katz
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
July 14, 2006
Before:  CHIEF JUDGE SCIRICA, WEIS AND GARTH, CIRCUIT JUDGES

(Filed: August 3, 2006)

_____

OPINION
_____

PER CURIAM.

        In 1996, Vernon Harris was convicted of drug and weapon offenses in the

United States District Court for the Eastern District of Pennsylvania.  He was sentenced

to life imprisonment.  We affirmed the conviction on direct appeal.  See United States v.

Harris, C.A. No. 96-2002.

In 1998, Harris filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The District Court denied relief, and this Court denied a certificate of appealability. United States v. Harris, C.A. No. 99-1148. Harris subsequently filed another motion in the Eastern District of Pennsylvania requesting relief under Federal Rule of Civil Procedure 60(b), which was denied. Harris then filed a motion to amend his initial § 2255 motion. The sentencing court again denied relief, and this Court denied a certificate of appealability. See Harris v. United States, C.A. No. 01-1278. In March 2003, Harris filed a pleading titled "Petition for Independent Action" in the United States District Court for the District of New Jersey seeking to have his judgment of conviction dismissed pursuant to Rule 60(b). The District Court construed the pleading as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and dismissed it as such, finding that Harris had not demonstrated that a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 was inadequate or ineffective to challenge his conviction. We dismissed the appeal under 28 U.S.C. § 1915(e)(2)(B). See Harris v. United States, C.A. No. 04-1967.

In December 2005, Harris filed in the Eastern District of Pennsylvania another "Petition for Independent Action" attacking his conviction. The District Court denied the "Petition" and Harris appealed.

A person convicted in federal court is required to bring any collateral challenge to his conviction or sentence by way of a § 2255 motion filed in the court which imposed the sentence, unless such a motion would be "inadequate or ineffective to

2

test the legality of his detention." 28 U.S.C. § 2255 ¶¶ 1, 5; <u>Okereke v. United States</u>, 307 F.3d 117, 120 (3d Cir. 2002). A § 2255 motion is "inadequate or ineffective" only if a "limitation of scope or procedure would prevent a § 2255 proceeding from affording [the petitioner] a full hearing and adjudication" of his claims. <u>Okereke</u>, 307 F.3d at 120. Section 2255 is not inadequate or ineffective merely because the sentencing court previously denied relief under § 2255 or because the petitioner is unable to meet the stringent gatekeeping requirements for filing a second or successive § 2255 motion. <u>Cradle v. United States</u>, 290 F.3d 536, 539 (3d Cir. 2002).

According to the government's response to Harris' "Petition," his current claims merely repeat those presented in his prior § 2255 motion. Harris can not demonstrate that § 2255 is "inadequate or ineffective" to raise these claims. Thus, Harris may bring his claims only in a § 2255 motion filed in the sentencing court. Under these circumstances, the District Court correctly dismissed Harris' "Petition."

Because this appeal presents us with no substantial question, <u>see</u> I.O. P. 10.6, we will summarily affirm the District Court's order.